# Cosmopolitan State Bank, Inc. *v.* Barnes, Appellant.

*Assumpsit—Promissory note—Evidence—Negotiable Instruments Act, section 88:*

In an action of assumpsit by a bank on two promissory notes the defense was payment. The evidence established that defendant, an officer of the plaintiff bank, contributed money to the bank for the purpose of increasing its assets and thereby making it possible for the bank to remain open for business. At the time the contribution was made the defendant owed the bank the amount of the notes which were not then due. The burden of proving payment alleged was on defendant. There was no evidence that the notes were to be discharged by the transaction or proof of accord and satisfaction. Under such circumstances a finding in favor of the plaintiff will be affirmed.

Argued November 22, 1927. Appeals Nos. 355 and 356, October T., 1927, by defendant from judgment of M. C., Philadelphia County, July T., 1925, Nos. 274 and 276, in the case of Cosmopolitan State Bank, Inc., in possession of Peter G. Cameron, Secretary of Banking of the Commonwealth of Pennsylvania, v. W. Harry Barnes. Before PORTER, P. J. HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ. Affirmed.

Assumpsit on two promissory notes. Before LEWIS, J., without a jury.

The facts are stated in the opinion of the Superior Court.

The court found for the plaintiff in the sum of $1,062.50 and entered judgment thereon. Defendant appealed.

*Error assigned,* among others, was the refusal of defendant's motion for judgment non obstante veredicto.

*George P. Williams, Jr.,* and with him *Orr, Hall and Williams,* for appellant.

*Albert S. C. Millar,* and with him *Breitinger & Millar,* for appellee.

OPINION BY LINN, J., March 2, 1928:

The Cosmopolitan State Bank, Inc., in possession of Peter G. Cameron, Secretary of Banking (Banking Act 1923, P. L. 809) brought two suits against appellant, each to recover on a promissory note of $1,000 made by him and given to the bank for money borrowed by him, one note maturing in March, the other in April, 1925. The suits were tried together by a judge without a jury. The defense was payment. The court found that the notes were not paid and entered judgments for plaintiff. The only point is whether payment was proved.

The Secretary of Banking took possession February 13, 1925, and put his agent in charge under the statute; then appellant's notes came into the agent's custody with other property of the bank, as assets for purposes of liquidation. The bank had first opened for business in 1924. In the banking department's examination of its affairs early in 1925, it was found doubtful whether the bank could go on (section 21 of Banking Act, P. L. 819). Accordingly the department went over the bank's affairs with its officers, among them appellant, who was a stockholder, director and a vice-president. They were informed that the bank would be closed unless they found sufficient money to keep it going.

The evidence discloses that the transaction on which appellant bases his defense that the two notes in suit

were paid, was as follows: It appears that in May, 1924, the president of the bank made a demand note for $37,500 and delivered it to the Northwestern National Bank, indorsed by himself and seven others (not including appellant), stockholders and officers of the new bank, in the words of a witness "for the purpose of completing the payment of the capital stock" of the new bank. The proceeds of that note were deposited in the Northwestern National Bank to the credit of the new bank in what the evidence calls "a special fund account."—"to be reduced as the stock was sold." About February 6, 1925, to aid the bank in accordance with the banking department's suggestion, and in the hope of keeping it going, an arrangement was made by appellant and other officers and directors to release and obtain that $37,500 deposit. To do so, appellant and several others who had indorsed the demand note of May, 1924, signed a judgment note for $8,000 (notes renewing this were signed or indorsed by all the parties who had indorsed the demand note for $37,500, except the maker).

On the $8,000 judgment note they borrowed $8,000 from the Northwestern Trust Company, which delivered a check for $8,000 to the order of the Cosmopolitan State Bank. $3,700 in cash (to which appellant did not contribute) was also raised. The $8,000 check was endorsed by a vice-president, and with the $3,700 in cash was delivered to the banking department's agent on February 7, for the purpose of delivering them to the Northwestern National Bank to obtain the release of the $37,500 deposit, an arrangement to which that bank appears to have consented. That bank then turned over to the Cosmopolitan State Bank the $37,500. Notwithstanding that increase in its assets, the bank was unable to go on and was closed February 13.

How could appellant's participation in that transac-

tion be construed into payment of his two notes in suit? The burden of proving payment was on him. The possession of the notes by plaintiff raised a presumption that they were not paid. The stated purpose of the transaction obtaining the $37,500 was to increase the assets of the failing bank by that sum, not to diminish them by crediting appellant's contribution on his notes which had not matured. There was no pretense at accord and satisfaction. The notes were certainly not paid under section 88 of the Negotiable Instruments Act, 1901, P. L. 194, 206, and there is not a line of evidence indicating any intention to discharge them under section 119, clauses 3 or 4, P. L. 210. Without evidence of payment, a finding for plaintiff was inevitable.

Having reached the conclusion that there is no evidence of payment, it is unnecessary to express any opinion on a position discussed in the opinion filed below concerning voluntary assessment of some of the stockholders of the bank for the purpose of increasing its assets, a subject that may be left to the parties involved, if and when they choose to have their liabilities among themselves determined in proceedings brought for the purpose.

No. 355 judgment affirmed.

No. 356 judgment affirmed.